IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN MORGAN, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:04-cv-447 |
| | § | |
| THE PLANO INDEPENDENT SCHOOL | § | |
| DISTRICT, et al., | § | |
|     Defendants. | § | |

## ORDER DENYING DEFENDANT'S REQUEST TO RECONSIDER

Before the court are Defendant Plano Independent School District's Request to Reconsider and/or Clarify Summary Judgment Order" (de # 136) and a Response (de # 154), Reply (de # 156), and Surreply (de # 157) thereto. On February 26, 2007, the court signed an order granting in part and modifying in part Judge Bush's recommendation as to the parties' summary judgment contentions. In its Motion, PISD requests that the court reconsider its determination of overbreadth with regard to a portion of the school district's 2005 Student Policy. In his Response, Morgan requests that the court revisit those parts of the order adopting the recommendation of Magistrate Judge Bush.

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, the court has authority to consider such motions using the guidelines of Rule 59(e). *Hamilton v. Williams*, 147 F.3d 367, 379 n.10 (5th Cir. 1998). By its terms, Rule 59(e) applies to final judgments. FED. R. CIV. P. 59(e); *see also* FED. R. CIV. P. 54(a). Though the subject of the Defendants' Motion is an interlocutory order, and, therefore, Rule 59(e) is not expressly applicable, *Longstreth v. Copple*, 189 F.R.D. 401, 403 (N.D. Iowa 1999), the court has the authority to revisit

its order granting partial summary judgment. FED. R. CIV. P. 54(d).  And Rule 59(e) furnishes the appropriate standard.  *Vlasek v. Wal-Mart Stores, Inc.*, No. H-07-0386, 2008 U.S. Dist. LEXIS 3258, at *2-3 (Jan. 16, 2008); *see Atlantic States Legal Found. v. Karg Bros.*, 841 F. Supp. 51, 55 (N.D. N.Y. 1993).

To succeed on a motion for reconsideration, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).  Mere disagreement with a district court's order does not warrant reconsideration of that order. *Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 332 (W.D. Tex. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

In their briefing, the parties merely restate the arguments considered by Judge Bush in his recommendation and by this court in considering the extent to which it ought to adopt Judge Bush's recommendation.  The parties, therefore, present the court with no occasion to reconsider its order of February 26, 2007.  As such, the court is of the opinion that PISD's "Request to Reconsider" (de # 136) should be, and hereby is, DENIED.

    IT IS SO ORDERED.

    **SIGNED this the 10th day of March, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE