# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| JONATHAN MORGAN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:04cv447 |
| | § | |
| THE PLANO INDEPENDENT | § | |
| SCHOOL DISTRICT, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ADOPTING IN PART REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 2, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that PISD's Motion for Partial Summary Judgment on Plaintiffs' Texas Constitutional Claims and Plaintiffs' TRFRA claims (Dkt. 278) and Supplement to Motion for Partial Summary Judgment on Plaintiffs' Texas Constitution Claims and Plaintiffs' TRFRA Claims (Dkt. 286) be GRANTED in part and DENIED in part, that Plaintiffs should take nothing by their TRFRA claims regarding the 2005 policy, both facially and as applied, that Plaintiffs should take nothing by their TRFRA claims regarding the facial constitutionality of the 2004 policy, and that Plaintiffs should take nothing by all TRFRA claims raised by the Wade Plaintiffs. The report further recommended that Plaintiffs Morgan, Shell and Versher's TRFRA as-applied claims as to the 2004 policy should remain and that any claim for injunctive relief is now moot in that the 2005 policies are not at issue and the 2004 policy has been amended.

The court has made a *de novo* review of Defendants Swanson, Bomchill, Long and Snyder's Objections (*see* Dkt. 311), Plaintiffs' Objections (*see* Dkt. 313), Plano Independent School District's Objections (*see* Dkts. 315, 316), Plano Independent School District's Response to Plaintiff's Objections (*see* Dkt. 319), Plaintiffs' Response to Defendants Swanson, Bomchill, Long and Snyder's Objections (*see* Dkt. 321), and Plaintiffs' Response to Plano Independent School District's Objections (*see* Dkt. 323). With the exception of the Magistrate Judge's findings regarding the notice given by Plaintiffs and to the extent not made moot by the Magistrate Judge's Order Granting Motion for Reconsideration (*see* Dkt. 327), the court is of the opinion that the findings and conclusions of the Magistrate Judge are otherwise correct and the parties' objections are without merit. Thus, with the one exception noted below, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

The Magistrate Judge found that Plaintiffs' notice was sufficient under TRFRA. The report, however, is silent as to any distinction between the notice provided by the Morgan Plaintiffs and the notice provided by the Versher and Shell Plaintiffs.[1] As to the notice given by the Versher and Shell Plaintiffs, the court finds that they did not comply with Texas Civil Practice and Remedies Code 110.006's notice provisions, which provide that a person may not bring an action to assert a claim under TRFRA, unless 60 days before bringing the action, the person gives written notice to the government agency by certified mail, return receipt requested. TEX. CIV. PRAC. & REM. CODE § 110.006. Notice by the Versher and Shell Plaintiffs was not excused under Section 110.006(b)

---

[1]The court notes that such a distinction does not appear to have been made by the parties until the filing of their objections.

because the conduct forming the basis of their TRFRA complaint occurred several months prior to the granting of the TRO (and was not addressed in the motion or order) and therefore was not imminent as Section 110.006(b) requires. Therefore, the Court finds that the Versher and Shell Plaintiffs may not sue under TRFRA since they failed to give proper notice prior to filing suit. The Morgan Plaintiffs' notice was sufficient as set forth in the Magistrate Judge's report, and their TRFRA suit is not barred.

Therfore, PISD's Motion for Partial Summary Judgment on Plaintiffs' Texas Constitutional Claims and Plaintiffs' TRFRA claims (Dkt. 278) and Supplement to Motion for Partial Summary Judgment on Plaintiffs' Texas Constitution Claims and Plaintiffs' TRFRA Claims (Dkt. 286) are GRANTED in part and DENIED in part. Specifically, the Court finds that Plaintiffs shall take nothing by their TRFRA claims regarding the 2005 policy, both facially and as applied, that Plaintiffs shall take nothing by their TRFRA claims regarding the facial constitutionality of the 2004 policy, and that Plaintiffs shall take nothing by any TRFRA claims raised by the Wade, Shell and Versher Plaintiffs. Further, any claim for injunctive relief is now moot in that the 2005 policies are not at issue and the 2004 policy has been amended. Plaintiff Morgan's TRFRA as-applied claims as to the 2004 policy shall remain pending.

**IT IS SO ORDERED.**

**SIGNED this the 29th day of March, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE